(20)

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ORIGINAL

---

Paul E. Hawkinson Company,

Plaintiff,

vs.

Tekonix Enterprises, Inc. and
Arnold A. Weiss,

Defendants.

Civil No. 01-1618 JMR/SRN

---

Tekonix Enterprises, Inc. and
Arnold A.Weiss,

Third-Party Plaintiffs,

vs.

David Range,

Third-Party Defendant.

---

Tekonix Enterprises, Inc. and
Arnold A. Weiss,

Counter-claimants,

vs.

Paul E. Hawkinson Company,

Counter-defendant.

---

PROTECTIVE ORDER

FILED JAN 29 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

Whereas, Paul E. Hawkinson Company, Tekonix Enterprises, Inc., Arnold A. Weiss, and David Range each believe that they may have information which may be encompassed by discovery requests made by the other parties and which may constitute trade secrets or other confidential research, development, or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

Whereas, it would serve the interests of all parties to conduct discovery under a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

Accordingly, **IT IS HEREBY ORDERED** that:

1. As used herein, CONFIDENTIAL INFORMATION refers to trade secrets or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c) and includes patent applications, inventions, formulae, processes, customer lists, business plans, projections, research, finances, marketing, and the like.

2. CONFIDENTIAL INFORMATION under this Protective Order shall be treated as follows:

(a) CONFIDENTIAL INFORMATION set forth in response to discovery requests made under Fed R. Civ. P. 31, 33 or 36 shall be treated as such, provided that, prior to disclosure to the discovering party, the responses shall be marked by the producing party with the legend: "CONFIDENTIAL;"

(b) CONFIDENTIAL INFORMATION set forth in documents made available for inspection by the discovering party under Fed. R. Civ. P. 33(d) or 34 shall be treated as such until the producing party has had the opportunity to designate and mark the documents upon production with the legend "CONFIDENTIAL;"

(c) CONFIDENTIAL INFORMATION set forth in any copies of documents produced to the discovering party under Fed. R. Civ. P. 33(d) or 34 shall be marked by the producing party with the legend "CONFIDENTIAL" before being delivered to the discovering party;

(d) If CONFIDENTIAL INFORMATION will be disclosed by the inspection of things on premises under Fed. R. Civ. P. 34, the party permitting the inspection shall specify in writing those parts of the things or those areas of the premises in which its CONFIDENTIAL INFORMATION will be revealed; and

(e) CONFIDENTIAL INFORMATION revealed during depositions upon oral examination under Fed. R. Civ. P. 30 shall be so designated by counsel at the deposition or in writing within fifteen (15) days of receipt of the transcript of the deposition as CONFIDENTIAL INFORMATION. Whenever a deposition involves a disclosure of CONFIDENTIAL INFORMATION, the following procedure shall be implemented:

(i) At the request of the party whose CONFIDENTIAL INFORMATION is disclosed, the reporter shall mark those pages of the transcript containing CONFIDENTIAL INFORMATION. The reporter shall then bind the confidential and non-confidential portions separately, whenever possible. A request shall be made on the record whenever possible, but any party may designate portions of the transcript after transcription, as in the case of any other document or thing, provided that written notice of the designation is promptly given to the other parties. The parties shall treat a deposition transcript and its contents as though they are CONFIDENTIAL INFORMATION for fifteen (15) days after receipt in

order to give adequate time for such notice, except that portions of transcripts may be filed under seal with the Court at any time.

(ii) The cover of any deposition transcript which contains CONFIDENTIAL INFORMATION shall be prominently marked with the legend "CONFIDENTIAL." All deposition transcripts designated as containing CONFIDENTIAL INFORMATION shall be sealed and disseminated according to the provisions of paragraph 3 below.

(f) CONFIDENTIAL INFORMATION relating to sensitive financial and technical product information, such as trends and projections, future marketing strategy and associated information, and technical information relating to products, including those not yet for sale or otherwise publicly disclosed, in addition to being designated "CONFIDENTIAL," may be additionally designated "ATTORNEYS' EYES ONLY."

3. CONFIDENTIAL INFORMATION designated "CONFIDENTIAL" shall be disclosed only to:

(a) The parties' respective attorneys of record in this matter and necessary secretarial, clerical and legal assistant personnel of those attorneys;

(b) Outside experts or outside consultants retained by the parties for purposes of this litigation and their staff provided that each person covered by this paragraph has first signed an Undertaking in the form attached hereto as Exhibit A, and provided that opposing counsel is provided written notice ten (10) days in advance of such disclosure that such expert or consultant will receive CONFIDENTIAL INFORMATION; and

(c) two representatives of Paul E. Hawkinson Company and two representatives of Tekonix Enterprises, Inc., as well as necessary secretarial personnel of those individuals, provided that each such person covered by this paragraph (c) has first signed an Undertaking in the form attached hereto as Exhibit A.

4. CONFIDENTIAL INFORMATION additionally marked "ATTORNEYS' EYES ONLY" shall be disclosed and disseminated only to the persons designated in paragraph (a) above and outside experts and outside consultants under the provisions of paragraph (b) above. Each such person covered by paragraph (b) receiving CONFIDENTIAL INFORMATION marked "ATTORNEYS' EYES ONLY" shall sign an Undertaking in the form attached hereto as Exhibit B. In all other respects, materials designated "ATTORNEYS' EYES ONLY" shall be treated in the same manner as other CONFIDENTIAL INFORMATION under this Order.

5. CONFIDENTIAL INFORMATION shall be used only by persons permitted access to it pursuant to the foregoing paragraphs, shall be used only for purpose of this action, and shall not be disclosed to persons other than those specified in the foregoing paragraphs.

6. If a document containing CONFIDENTIAL INFORMATION is filed with the Court, it shall be filed with the Clerk of the Court in a sealed envelope prominently marked with the caption of the case, the identity of the party filing the envelope, a schedule of the contents of the envelope, and the following notation:

CONFIDENTIAL INFORMATION<br>SUBJECT TO PROTECTIVE ORDER<br>THIS ENVELOPE IS NOT TO BE OPENED NOR ITS<br>CONTENTS DISPLAYED, COPIED, OR REVEALED,<br>EXCEPT BY COURT ORDER OR AGREEMENT OF THE PARTIES

7. Nothing in this Protective Order shall preclude the parties from disclosing or using, in any manner or for any purpose, any information not obtained by discovery in this action, if such

information is lawfully obtained from a third-party having the right to disclose such information, even though the same information may have been produced in discovery in this litigation and designated as CONFIDENTIAL INFORMATION.

8. This Protective Order shall not prevent the parties from moving this Court for an order that designated CONFIDENTIAL INFORMATION is not, in fact, confidential, nor entitled to any protection as such, and the receipt of CONFIDENTIAL INFORMATION by a party shall not be construed as a waiver of the party's right to challenge any such designation.

9. In the event of any dispute with respect to the correctness of the designation of CONFIDENTIAL INFORMATION, the parties shall first attempt to resolve the dispute by negotiation. If such negotiations fail, any party may move for an appropriate order. The information shall be treated as CONFIDENTIAL INFORMATION until the issue is resolved.

10. This Protective Order is without prejudice to the right of the parties to move this Court for an Order to further restrict disclosure or use of any CONFIDENTIAL INFORMATION upon a showing of good cause for such further restriction.

11. No party shall be obligated to challenge the propriety or correctness of the designation of information as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" and a failure to do so shall not preclude a subsequent challenge to such status. The burden of proof with respect to the propriety or correctness in the designation of information as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" shall rest on the designating party.

12. If a furnishing party inadvertently produces any document or thing containing information that it deems confidential without it as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the furnishing party shall promptly, upon discovery of such inadvertent disclosure, inform the receiving party in writing. The receiving party shall treat the information

as CONFIDENTIAL INFORMATION. To the extent such document, thing or information may have been disclosed to persons other than authorized persons, the receiving party shall make every reasonable effort to retrieve the information promptly from such persons and to avoid any further disclosure to non-authorized persons.

13. This Protective Order shall survive the termination of this action.

14. Upon termination of this action, all copies of produced documents designated as CONFIDENTIAL, including documents additionally designated as "ATTORNEYS' EYES ONLY," shall be destroyed, with the exception of one archival copy of deposition exhibits, Court exhibits, and documents included in submissions to the Court which may be retained by outside counsel, and one archival set of produced documents which may be retained for a period of five (5) years from the date of termination by outside counsel.

15. This Court retains jurisdiction of the parties hereto indefinitely in relation to any dispute between them respecting improper use of information disclosed under protection of this Protective Order.

**IT IS SO ORDERED**, this 29th day of January, 2002.

Susan Richard Nelson
Susan Richard Nelson
United States Magistrate Judge

76493

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Paul E. Hawkinson Company,

Plaintiff,

vs.

Civil No. 01-1618 JMR/SRN

Tekonix Enterprises, Inc. and
Arnold A. Weiss,

Defendants.

---

Tekonix Enterprises, Inc. and
Arnold A.Weiss,

Third-Party Plaintiffs,

vs.

David Range,

Third-Party Defendant.

---

Tekonix Enterprises, Inc. and
Arnold A. Weiss,

Counter-claimants,

vs.

Paul E. Hawkinson Company,

Counter-defendant.

---

UNDERTAKING OF (____________)

I, ____________________________, declare as follows:

EXHIBIT
A
1 OF 2

1. My address is ________________________________. My current employer is ____ ________________________________. My current occupation is ____________________.

2. I have received a copy of the Protective Order ("Protective Order") in the above-captioned action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any CONFIDENTIAL INFORMATION which is disclosed to me.

4. Promptly upon termination of this action, I will return all CONFIDENTIAL INFORMATION which came into my possession, and all documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

6. I understand that this Undertaking and the Protective Order are enforceable after this termination of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ______________________________ ____________________________________
(Signature)

EXHIBIT
tabbles
A
2 OF 2

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Paul E. Hawkinson Company,

Plaintiff,

vs.

Civil No. 01-1618 JMR/SRN

Tekonix Enterprises, Inc. and
Arnold A. Weiss,

Defendants.

---

Tekonix Enterprises, Inc. and
Arnold A.Weiss,

Third-Party Plaintiffs,

vs.

David Range,

Third-Party Defendant.

---

Tekonix Enterprises, Inc. and
Arnold A. Weiss,

Counter-claimants,

vs.

Paul E. Hawkinson Company,

Counter-defendant.

---

UNDERTAKING OF (____________)

I, ____________________________, declare as follows:

EXHIBIT
tabbies
B
1 OF 2

1. My address is ________________________________. My current employer is ____ ________________________________. My current occupation is ____________________.

2. I have received a copy of the Protective Order ("Protective Order") in the above-captioned action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any CONFIDENTIAL INFORMATION which is disclosed to me.

4. Promptly upon termination of this action, I will return all CONFIDENTIAL INFORMATION, including CONFIDENTIAL INFORMATION marked ATTORNEYS' EYES ONLY which came into my possession, and all documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

6. I understand that this Undertaking and the Protective Order are enforceable after this termination of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ________________________________ ______________________________________
(Signature)

EXHIBIT
tabbies
B
2 of 2

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## *Guidelines for filing with a U.S. District Judge or Magistrate Judge:*

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.